IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal Action No. 3:06CR219

KEVIN A. BAKER

## MEMORANDUM OPINION

Kevin A. Baker, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). Baker contends that he received ineffective assistance of counsel.[1] Specifically, Baker asserts:

| | |
|---|---|
| Claim One | Counsel failed to move to dismiss the Indictment on the grounds that Congress failed to adequately "define cocaine base/crack cocaine." (§ 2255 Mot. 5.) |
| Claim Two | Counsel failed to challenge the initial stop of Baker as unconstitutional. |
| Claim Three | Counsel failed to object to the use of the terms "cocaine base and crack cocaine" at trial "because those terms are not congressionally defined." (Id. at 8.) |
| Claim Four | Counsel failed to challenge the career offender enhancement. "Counsel should have argued that the Career Offender enhancement required 2 of the same priors – not one prior for drug related conduct and one prior for violence like in the instant case." (Id. at 9.) |

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

The Government contends that Baker's claims lack merit. Baker has responded. For the reasons that follow, Baker's claims will be dismissed.

## I. PROCEDURAL HISTORY

A grand jury indicted Baker on the following charges: possession with intent to distribute five grams or more of cocaine base (Count One); possession of five grams or more of cocaine base (Count Two); possession of a firearm in furtherance of a drug-trafficking crime (Count Three); and, possession of a firearm by a convicted felon (Count Four). (Indictment 1-2.)

On October 23, 2006, counsel for Baker filed a motion to suppress wherein he argued that the police had unlawfully seized Baker. (Mot. Suppress (ECF No. 14).) At the conclusion of the suppression hearing, the Court made the following pertinent findings:

> On the evening or morning of the 25th of February 2006 at 3:00 a.m., Officers Nice and Neville were on patrol in Church Hill, the First Precinct in the city of Richmond.
> And in the 3200 block of O Street, which is in the three block area that is a high drug and crime area, they observed the defendant in a car. The car was running. A person, whom I'll call X, was leaning in the car.
> They perceived the possibility of a drug deal. The officers perceived the possibility of a drug deal and decided to look into the matter further. As they approached Mr. X ran, and [the police] stopped the car.

2

Nice, apprehensive that he had a potential drug deal, approached the driver, which was the defendant, and Neville went to follow Mr. X. Mr. X disappeared into a building and Neville returned and assumed the position on the passenger side of the car.

And while Neville had been attempting to follow Mr. X, Officer Nice approached the car. And when he did, the defendant handed him his driver's license. Neville was back -- was on the driver's side of the car when Nice returned to -- decided to return to the police cruiser to verify the data on the driver's license offered by the defendant.

And that was done by looking at a computer screen that is in the police cruiser. And the way the computer is activated was that Nice put in the T number from the defendant's driver's license, which is an ID number, that serves the functional equivalent of a Social Security Number.

Now, while that was going -- once Officer Nice put that into the system, while that was going on, Officer Neville was talking to the defendant.

The defendant during that period of time became increasingly nervous, according to Officer Neville, and he began to fumble with a cell phone and try to pull his T shirt or shirt down in an effort to try to conceal something, and Officer Neville became suspicious that the defendant may be trying to cover up a weapon.

So he moved to the driver's side and assumed a ready or tactical position, which he called a law enforcement stance I think.

And as he continued to talk with the defendant, the defendant continued to fumble and to tug, exacerbating Neville's apprehension about the possibility of danger lying in the motives of the defendant. He then put his hand in the ready position, which means that he had his hand on the weapon.

Now, while that's going on, Officer Nice began to search and look at the screen that is evinced on Exhibit 1. And he, according to his testimony, got down to the line on the computer Name: Baker, Kevin Anthony; Charge (M-CAP), FTA, possessed marijuana.

And he knew then by having read that far or he was under the belief that the defendant had -- was the person who might have a warrant against him. And he

3

> looked up and he saw his partner in the ready position, and he went -- he stopped his examination of the screen that was on Exhibit 1 and went to join his partner.
>
> When he got there on the way he threw the driver's license of the defendant, a copy of which is Exhibit 2, on the hood of the vehicle.
>
> When Nice arrived Neville informed Nice of what activity that Neville had observed the defendant engage in and explained that he had engaged in furtive movements, pulled his shirt tail down over his waist and explained that's why he was in the ready position, apprehensive of the defendant's conduct.
>
> Nice then told Neville we have a possible warrant on him and that's a reason we can get him out of the car. I'm going to tell him to get out of the car. And he did, he told him to -- the defendant had the window up at that point in time -- excuse me, had the window down at that point in time. The motor was running.
>
> Nice told the defendant to get out, that they wanted to check further in respect of a warrant on him. The defendant said, no, rolled up the car -- rolled up the window, locked the door.

(Dec. 1, 2006 Tr. 122-25.) Thereafter, Baker fled in his car and Officer Nice and Neville pursued him. (Dec. 1, 2006 Tr. 125-26.) During the ensuing chase, Baker threw drugs and a firearm out of his car. (Dec. 1, 2006 Tr. 126.) Officers Nice and Neville apprehended Baker, and other officers recovered the drugs and firearm. (Dec. 1, 2006 Tr. 126.) The Court denied the Motion to Suppress. (Dec. 1, 2006 Tr. 137.)

On December 14, 2006, a jury sitting in the United States District Court for the Eastern District of Virginia, Richmond Division acquitted Baker on Count Three, but could not reach a

4

verdict with respect to the remaining counts. ((Verdict (ECF No. 31) 1-2.)

On February 6 and 7, 2007, Baker was retried on the remaining counts. On February 7, 2007, the jury found Baker guilty of Counts One, Two, and Four. (February 7, 2007 Tr. 318-19.)

On May 23, 2007, the Court conducted a sentencing hearing. The Court determined that Baker qualified as a career offender and sentenced Baker to a total of 262 months of imprisonment. (May 23, 2007 Tr. 35, 48.) Baker unsuccessfully appealed. United States v. Baker, 326 F. App'x 213, 216 (4th Cir. 2009).

## II. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires

a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

### A. Alleged Failure To Challenge The Indictment

In Claim One, Baker contends that counsel should have moved to dismiss the Indictment on the grounds that:

> (A) Congress never stated within the statutory framework of § 841 that crack cocaine (cocaine base) is defined as being the substance Movant possessed; (B) Cocaine base/crack was defined by either the Executive or Judicial branch of the government in violation of Article I § I;[2] (C) Congress' failure to define cocaine base/crack cocaine caused a fair warning denial in violation of Due Process.

(§ 2255 Mot. 5.) Essentially, Baker argues that Congress failed to define cocaine base/crack with the specificity required for fair notice in criminal statutes. Such an argument lacks merit. See United States v. Williams, 150 F. App'x 221, 223 (4th Cir.

---

[2] "All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." U.S. Const. art. I, § 1.

2005) (citing United States v. Pinto, 905 F.2d 47, 50 (4th Cir. 1990)); United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997) ("Any vagueness inherent in the statute [with respect to the definition of cocaine base] does not rise to the level of a constitutional violation.") Accordingly, counsel reasonably eschewed the argument Baker urges here. Claim One will be dismissed because Baker fails to demonstrate deficiency on the part of counsel.

### B. The Motion To Suppress

In Claim Two, Baker faults counsel because:

> (1) Counsel failed to argue that the initial stop in the instant case was unconstitutional for the following reasons: (A) Probable cause to seize or detain a person for sitting on the side of the road inside their car and while talking on a cellular telephone would offend Due Process because such conduct does not constitute a reasonable presumption that a crime is about to be or is being committed. (B) Movant was detained and/or seized the moment law enforcement demanded and took possession of his driver's licence [sic].

(§ 2255 Mot. 6.)

Counsel reasonably declined to pursue the foregoing arguments because Officer Nice failed to demand Baker's license or otherwise detain Baker when he initially approached Baker's car. Officer Nice pulled his police car behind Baker's car, exited his vehicle, and walked up to Baker. (Dec. 1, 2006 Tr. 6-7.) As Officer Nice was approaching Baker, "[Baker] had his

7

I.D. already out the window." (Dec. 1, 2006 Tr. 7.) Officer Nice simply accepted the license Baker volunteered. Such circumstances failed to demonstrate Officer Nice seized Baker when he initially approached Baker's vehicle. See United States v. Barry, 394 F.3d 1070, 1075 (8th Cir. 2005) (concluding officer's conduct in approaching a parked vehicle and knocking on the window failed to constitute a seizure); United States v. Smith, No. 99-3995, 2000 WL 298241, at *1 (8th Cir. 2000) (citing United States v. Dockter, 58 F.3d 1284, 1286-87 (8th Cir. 1995); United States v. Perez-Sosa, 164 F.3d 1082, 1084 (8th Cir. 1998)). Accordingly, Claim Two will be dismissed because Baker fails to demonstrate counsel acted deficiently.

C. **Failure To Object At Trial**

In Claim Three, Baker faults counsel for not objecting "to the use of the terms cocaine base and crack cocaine at trial because those terms are not congressionally defined." (§ 2255 Mot. 8.) This aspect of Claim Three is simply a variation of the frivolous argument addressed in Claim One and lacks merit for the reasons set forth above. See supra Part II.A.

Also in Claim Three, Baker contends that "[c]ounsel should have objected to the use of the lab report in the instant case."

8

(§ 2255 Mot. 8.)³ At trial, counsel stipulated to the admissibility of the lab report of the cocaine base "without further authentication and without objection on hearsay or other grounds." (Feb. 6, 2007 Tr. 155.) Counsel's strategy at trial, however, was not to challenge the identification of the drugs, but to assert "that officers are lying in this case." (Feb. 6, 2007 Tr. 12.) Given that strategy, counsel reasonably declined to challenge the admissibility of the lab report identifying the drugs seized as cocaine base.

Moreover, Baker fails to demonstrate that had counsel objected to admissibility the lab report, the Government would not have been able to produce the chemist to introduce the report into evidence.⁴ See United States v. Santiago, Nos. 04-10336-NMG-12, 10-10835-NMG, 2012 WL 6867674, at *5 (D. Mass. Nov. 5, 2012). Accordingly, Claim Three will be dismissed because Baker fails to demonstrate deficiency or prejudice.

---

³ Baker asserts that the lab report was not admissible under Melendez-Diaz v Massachusetts, 557 U.S. 305 (2009), and Crawford v. Washington, 541 U.S. 36 (2004).

⁴ Baker speculates that the live testimony from the chemist might have revealed some errors in testing the cocaine base. "'[T]his sort of speculation is simply inadequate to undermine confidence in the outcome.'" McClure v. United States, Nos. DKC 08-1830, DKC 01-0367, 2011 WL 3511816, at *3 (D. Md. Aug. 10, 2011) (quoting Goode v. Armontrout, 925 F.2d 239, 240 (8th Cir. 1991)).

### D. Failure To Challenge Career Offender Designation

In Claim Four, Baker contends counsel should have challenged Baker's designation as a career offender. At the time of Baker's sentencing, section 4B1.1 of the United States Sentencing Guidelines provided that a defendant should be classified as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual (hereinafter "USSG") 4B1.1(a) (2007). Baker does not dispute that he has a least one prior felony conviction for a crime of violence and one prior felony conviction for a controlled substance offense. (See § 2255 Mot. 9.) Baker, however, contends that "[c]ounsel should have argued that the Career Offender enhancement required 2 of same priors – not one prior for drug related conduct and one prior for violence like in the instant case." (Id.) The Sentencing Guidelines specifically foreclose such an argument:

> The term "two prior felony convictions" means . . . the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one

10

felony conviction of a controlled substance offense) . . . .

USSG § 4B1.2(c). Thus, counsel reasonably eschewed the frivolous objection urged here by Baker. Accordingly, Claim Four will be dismissed.

### III. CONCLUSION

Baker's § 2255 Motion (ECF No. 76) will be denied. The action will be dismissed. A certificate of appealability will be denied.[5]

The Clerk is directed to send a copy of the Memorandum Opinion to Baker and counsel for the Government.

And it is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: June 3, 2013
Richmond, Virginia

---

[5] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Baker fails to satisfy this standard.